**IN THE UNITED STATE DISTRICT COURT**

**STATE OF UTAH**

| | |
|---|---|
| **JASON J. NICHOLSON,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SCOTT BESSENT,**<br><br>**Defendant.** | **MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT & TEMPORARILY GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**Case No. 1:26-cv-00167**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the court is Plaintiff Jason J. Nicholson's ("Mr. Nicholson") pro se complaint.[1] Plaintiff is temporarily proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens his pleading.[2] The court now screens Plaintiff's complaint and reviews the sufficiency of his pleading under the authority of the IFP Statute. As set forth below, the court identifies deficiencies in Plaintiff's pleading that leave the complaint subject to dismissal in its entirety. Nonetheless, the court will grant Mr. Nicholson an opportunity to amend and file a proper amended complaint that cures the deficiencies identified by the court.

**THE COMPLAINT**

Mr. Nicholson names Scott Bessent as the Defendant ("Defendant") and claims violations of the Americans with Disabilities Act of 1990 ("ADA").[3] However, other than checking standardized

[1] ECF No. 1, Complaint.

[2] ECF No. 5, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

[3] *See generally* ECF No. 1; 42 U.S.C. §§ 12101 *et. seq*.

boxes identifying the theory of his ADA claims—wrongful termination, failure to accommodate, retaliation---Mr. Nicholson fails to provide any information or allegations in support of his causes of action.[4]

## LEGAL STANDARDS

To review Mr. Nicholson's complaint under the authority of the IFP Statute, the court must consider the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted.[5] This legal standard is addressed below.

### 1. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[6] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7] Under that standard, the court "look[s] for plausibility in th[e] complaint."[8] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether

---

[4] *Id.*

[5] Fed. R. Civ. P. 12(b)(6).

[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[9]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[10] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13] Rule 8 requires, at least, that the allegations of a complaint put the defendant on fair notice of the claims raised.[14] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims so defendant may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[15]

---

[9] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[10] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[11] Fed. R. Civ. P. 8(a)(2).

[12] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

[13] *Id.*

[14] *Twombly,* 550 U.S. at 555.

[15] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

In analyzing Ms. Nicholson's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[17] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[18] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[19]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give [him] an opportunity to amend."[20]

---

[16] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[17] *Id.* at 1110 (citation omitted).

[18] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[19] *Bellmon,* 935 F.2d at 1110 (citations omitted).

## ANALYSIS

Plaintiff's complaint is subject to dismissal because he fails to state a plausible claim for relief. Nonetheless, the court provides Mr. Nicholson with an opportunity to amend his pleading.

**1. Mr. Nicholson's Complaint Fails to State a Plausible Claim for Relief.**

Under the ADA, an employer cannot "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[21] "A plaintiff proves a violation of the ADA by direct evidence of discrimination or by following the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*."[22] Here, Mr. Nicholson's complaint fails to provide a single allegation in support of his ADA claims. Without any information about the violations, the court cannot find a plausible claim for relief and Plaintiff's claims are subject to dismissed.

---

[20] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[21] 42 U.S.C. § 12112(a).

[22] *Baum v. Dunmire Prop. Mgmt., Inc.*, No. 21-cv-00964, 2022 WL 889097 (D. Colo. Mar. 25, 2022) (citing *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018) ("In the absence of direct evidence of discrimination, a court uses the *McDonnell Douglas* burden-shifting framework to evaluate an ADA discrimination claim premised on disparate treatment.")); *see also Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015) ("We generally review [ADA] disparate-treatment claims under the framework of *McDonnell Douglas* . . . . However, we have explained that *McDonnell Douglas's* 'burden-shifting framework may be unnecessary and inappropriate' where, as here, there is direct evidence of discrimination.").

As a separate ground for dismissal, the ADA requires that a plaintiff bring a civil action within 90 days from receipt of a right-to-sue notice.[23] Failure to comply with this requirement renders a claim time-barred. Plaintiff fails to plead any information regarding receipt of his right-to-sue notice from the EEOC and for this additional reason his action must be dismissed.[24]

**2. Mr. Nicholson May Amend His Complaint.**

Based upon the foregoing analysis, Mr. Nicholson's complaint fails to state a plausible claim for relief. Yet dismissal is proper only "if it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[25] Accordingly, the court affords Mr. Nicholson an opportunity to cure these deficiencies and to amend his pleading. Once received, the court will screen Plaintiff's amended complaint to determine whether it states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

---

[23] 29 C.F.R. § 1601.28(e)(1); 42 U.S.C. §§ 12117(a), 2000e-5(f)(1).

[24] Throughout his complaint, Plaintiff references other cases he has filed in this District and appears to rely on the documents he has submitted in those cases. It is not the obligation of this court to parse together Plaintiff's claims and factual allegations based on his previous filings, and Mr. Nicholson's pro se status does not excuse his noncompliance with the federal rules of procedure.

[25] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Nicholson is ordered to file an amended complaint by **October 7, 2026**. The words "Amended Complaint" should appear in the caption of the documents.
2. The amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). Additionally, Plaintiff may not rely on filings he has submitted in other cases as support for his claims in this matter.
3. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).
4. Mr. Nicholson's failure to file a timely amended complaint may result in dismissal of this action.
5. Plaintiff's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[26]

IT IS SO ORDERED.

DATED this 24th day of September, 2026.

BY THE COURT

DUSTIN B. PEAD
Magistrate Judge
United States District Court

[26] ECF No. 2.