UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JASON J. NICHOLSON,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT BESSENT, Secretary of the Treasury,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING [11] PLAINTIFF'S OBJECTION AND ADOPTING [10] REPORT AND RECOMMENDATION**<br><br>Case No. 1:26-cv-00167-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Objection[1] to Magistrate Judge David B. Pead's Report and Recommendation,[2] which recommends Plaintiff Jason J. Nicholson's claims in his Amended Complaint[3] be dismissed. For the reasons stated below, the court overrules Plaintiff's Objection, adopts the Report and Recommendation, and dismisses this action without prejudice.

## BACKGROUND

Mr. Nicholson, who proceeds pro se and in forma pauperis under 28 U.S.C. § 1915, brings this action against Defendant Scott Bessent, Secretary of the United States Treasury. On September 22, 2026, Mr. Nicholson filed his initial complaint in this case.[4] The Magistrate Judge

[1] Plaintiff's Amended Complaint Request for Relief and Way Relief Can Be Granted ("Objection"), ECF No. 11, filed November 10, 2026.
[2] Report & Recommendation ("R&R"), ECF No. 10, filed Oct. 27, 2026.
[3] Amended Complaint, ECF No. 7, filed Oct. 5, 2026.
[4] Complaint, ECF No. 1, filed Sept. 22, 2026.

screened that complaint, identified deficiencies in it, and allowed Mr. Nicholson to file an amended complaint.[5]

On October 5, 2026, Mr. Nicholson filed his Amended Complaint alleging violations of the American with Disabilities Act ("ADA").[6] In the Amended Complaint. Mr. Nicholson generally alleges that he had a reasonable accommodation with the Internal Revenue Service ("IRS"), his reasonable accommodation was not honored by giving him tasks outside of his "job outline," and his employer "discriminated" against him and "later terminated [him] based on [his] disability."[7]

On October 27, 2026, the Magistrate Judge then screened Mr. Nicholson's Amended Complaint and issued a Report and Recommendation ("R & R") recommending dismissal for failure to state a claim.[8] In its order, the Magistrate Judge determined that the Amended Complaint lacked factual allegations sufficient for the court to draw reasonable inferences to support that Defendant plausibly is liable under the ADA—and the Magistrate Judge determined this to be true under either a theory of a failure to accommodate or retaliation.[9] The R&R informed Mr. Nicholson that he had fourteen days to object, which would make any objection due November 10, 2026.[10]

On November 10, 2026, Mr. Nicholson submitted a filing with the court titled "Amended Complaint Request for Relief and Way Relief Can Be Granted."[11] Because Mr. Nicholson has

[5] Mem. Decision & Order Allowing Plaintiff to Amend Compl. & Temporarily Granting Plaintiff's Mot. to Proceed In Forma Pauperis, ECF No. 6, filed Sept. 24, 2026.
[6] *See* Amended Complaint.
[7] *Id.*
[8] R&R 2 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).
[9] *Id.* at 2–4.
[10] *Id.* at 4.
[11] *See* Objection.

not been granted leave to amend—and given the timing of the filing being on the last day to object to the R & R—the court will construe this filing as an objection. That objection, in its entirety, reads:

> I previously stated that the [Defendant] should pay me back pay to include any night differential pay, accrued leave both sick & annual that would of accrued if worked as well as any overtime pay that would of been worked. They also should pay any interest that would accrue. I also feel that they should give me my job back as well. These things can be accomplished by mediation and if needed by trial with jury.[12]

**STANDARD**

The court conducts a "de novo" review of any part of a report and recommendation for which a party offers a timely and proper objection.[13] To trigger de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific."[14] "This means the objection must be 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute.'"[15]

However, the court "reviews unobjected-to portions of a report and recommendation for clear error."[16] To overturn a decision as clearly erroneous, the court must be "left with [a]

---

[12] *Id.* at 1.
[13] Fed. R. Civ. P. 72(b)(3).
[14] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[15] *Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025) (quoting *2121 E. 30th St.*, 73 F.3d at 1060).
[16] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 15, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

definite and firm conviction that a mistake has been committed."[17] The court will "set[] aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[18]

Further, the court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[20] Accordingly, the court "will not supply additional facts, nor . . . construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."[21]

## DISCUSSION

After consideration of the Magistrate Judge's R & R and Mr. Nicholson's Objection, the court determines that Mr. Nicholson has not lodged a sufficiently "specific" objection to the R & R, so he has waived de novo review.[22] The Objection merely recites Mr. Nicholson's requested remedy without engaging with the pleading issues outlined in the R & R.[23] As such, the court reviews the R & R for clear error. Having completed that review, the court finds that the Magistrate Judge's analysis and conclusions in its R & R are not clearly erroneous. Accordingly, the court adopts the R & R in full.

---

17 *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

18 *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah July 9, 2020) (citation modified).

19 *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2025)).

20 *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

21 *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

22 *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[B]ecause only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . we hold that a party's objections to the magistrate judge's report and recommendation must be timely and specific to preserve an issue for de novo review by the district court . . . .").

23 *See* Objection.

## ORDER

For the reasons stated above, the court:

1. OVERRULES Plaintiff's Objection to the Report and Recommendation.[24]

2. ADOPTS the Report and Recommendation.[25]

3. DISMISSES this case without prejudice.

Signed November 12, 2026.

BY THE COURT

David Barlow
United States District Judge

[24] ECF No. 11.
[25] ECF No. 10.